**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000540**
**21-MAY-2024**
**08:01 AM**
**Dkt. 68 SO**

NO. CAAP-18-0000540


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CELSO D. CARABBACAN, Plaintiff-Appellant,
v.
OUTRIGGER CANOE CLUB, a Hawaiʻi Corporation, Defendant-Appellee,
and
JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5,
DOE LLCS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT
ORGANIZATIONS 1-5, AND DOE GOVERNMENTAL AGENCIES 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1179)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)


This appeal concerns whether summary judgment was properly granted in an employment discrimination case based on age and/or ancestry under Hawaii Revised Statutes (**HRS**) § 378-2.[1]

---

[1] HRS § 378-2 (2015) makes it an "unlawful discriminatory practice" for any employer to "refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment" based on, inter alia, age or ancestry. HRS § 378-2(a)(1)(A).

Plaintiff-Appellant Celso D. Carabbacan (**Carabbacan**) appeals from the May 18, 2018 "Order Granting [Defendant-Appellee] Outrigger Canoe Club's [(**Outrigger**)] Motion for Summary Judgment Filed On February 23, 2018" (**Order Granting MSJ**); and June 6, 2018 Final Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]

On appeal, Carabbacan contends the Circuit Court erred in granting Outrigger's Motion for Summary Judgment (**MSJ**) by concluding that Carabbacan "failed to establish a prima facie case of employment discrimination[.]"[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Carabbacan's contention as follows, and affirm.

Following an April 18, 2018 hearing on Outrigger's MSJ, the Circuit Court granted the motion. The May 18, 2018 Order Granting MSJ stated:

> The Court finds that [Carabbacan] has failed to establish a prima facie case of employment discrimination based on personal knowledge, direct or circumstantial evidence, reasonable inference, or other admissible evidence. With respect to [Carabbacan's] claim his hours were reduced [(**discriminatory reduction in hours claim**)], [Carabbacan] has failed to provide admissible evidence to show any similarly situated younger or non-Filipino employee(s) did not also have their hours reduced. With respect to [Carabbacan's] claim his termination was discriminatory [(**discriminatory termination claim**)], [Carabbacan] has failed to provide admissible evidence that the position [Carabbacan] held continued to exist after his termination.

---

[2]    The Honorable Jeffrey P. Crabtree presided.

[3]    In Carabbacan's second point of error, after acknowledging that the Circuit Court "did not reach" Carabbacan's claim that Outrigger's termination of Carabbacan for insubordination was pretextual, Carabbacan nevertheless addresses the "pretext" issue in anticipation of Outrigger's argument to affirm summary judgment on this basis. We need not address this point of error.

Following the entry of Final Judgment in favor of Outrigger, Carabbacan timely appealed.

"We review a circuit court's award of summary judgment de novo under the same standard applied by the circuit court." Adams v. CDM Media USA, Inc., 135 Hawai'i 1, 12, 346 P.3d 70, 81 (2015) (quoting Shoppe v. Gucci Am., Inc., 94 Hawai'i 368, 376, 14 P.3d 1049, 1057 (2000)) (internal quotation marks omitted). When analyzing a claim of discrimination that relies on circumstantial evidence, Hawai'i courts engage in a three-step analysis, where (1) "the plaintiff must establish a prima facie case of discrimination" (**Step 1**); (2) once plaintiff meets this burden, "the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action"; and (3) "if the employer rebuts the prima facie case, the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were 'pretextual.'" Id. at 13-14, 346 P.3d at 82-83 (quoting Shoppe, 94 Hawai'i at 378-79, 14 P.3d at 1059-60).

Here, Carabbacan acknowledges that because the Circuit Court ruled that Carabbacan failed to present a prima facie case under Step 1, "the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),/*Shoppe v. Gucci Am., Inc.*, 94 Hawai'i 368, 376, 14 P.3d 1049, 1057 (2000)/*Adams v. CDM Media USA, Inc.*, 135 Hawai'i 1, 12, 346 P.3d 70, 81 (2015), did not come into play." We likewise focus our review on whether Carabbacan established a prima facie case of discrimination under Step 1.

To establish a prima facie case of discrimination for Step 1, a plaintiff must show, by a preponderance of evidence, the following four elements: "(1) that plaintiff is a member of a protected class; (2) that plaintiff is qualified for the

3

position for which plaintiff has applied; (3) that plaintiff has suffered some adverse employment action; and (4) that the position still exists." Adams, 135 Hawai'i at 13, 346 P.3d at 82 (cleaned up). As to the fourth element (**Element 4**) in cases where a plaintiff alleges an adverse employment action but has "continued to be employed by the employer, the plaintiff may satisfy the fourth element of the prima facie case of discrimination by demonstrating that a similarly situated employee outside of [the plaintiff's] protected class was treated more favorably." Kaloi v. Cnty. of Hawai'i, No. CAAP-15-0000308, 2016 WL 3199477, at *3 (Haw. App. June 8, 2016) (mem. op.) (citations omitted).

Here, the Circuit Court's "prima facie case of discrimination" analysis turned on Element 4 for both Carabbacan's discriminatory reduction in hours claim and his discriminatory termination claim. See Adams, 135 Hawai'i at 13, 346 P.3d at 82.

1. **Whether Carabbacan presented evidence for Element 4 of his discriminatory reduction in hours claim that a similarly situated employee outside of Carabbacan's protected class was treated more favorably.**

The Circuit Court concluded that Carabbacan "failed to provide admissible evidence to show any similarly situated younger or non-Filipino employee(s) did not also have their hours reduced."

In his Opening Brief, Carabbacan concedes that the Circuit Court's conclusion above "is true[,]"and that he did "not produce[] any evidence that he was the only busser whose hours were reduced from 32 per week to 17.5 per week." Instead, he argues on appeal that "that is not what must be proven" because "[a] plaintiff must show that another employee, outside

his class, was treated more favorably." This argument lacks merit.

Carabbacan's Complaint alleged that he "was subjected to <u>unequal terms and conditions of employment</u> including <u>having his hours reduced</u>"; that "[c]o-workers who were younger and not of the same ancestry and national origin as [Carabbacan] <u>received more favorable treatment by not having hours reduced</u>"; and that Carabbacan "suffered discrimination in terms, conditions, and privileges of his employment due to his national origin and age" under HRS § 378-2. See Complaint ¶ 11.b., 11.c., and 13 (emphases added). Carabbacan claimed that when he asked Outrigger's General Manager why his hours were reduced, he was told that everyone's hours were reduced.

Outrigger moved for summary judgment on Carabbacan's claim in his Complaint paragraph 11.c., that he was treated differently than younger and/or non-Filipino employees because his hours were reduced. Outrigger argued "Carabbacan has no evidence his hours were reduced because of his age or ancestry[.]"

HRS § 378-2 prohibits discrimination in the terms and conditions of employment. Under <u>Kaloi</u> and HRS § 378-2, Element 4 may be proved "by demonstrating that a similarly situated employee outside of [a plaintiff's] protected class was treated more favorably" with respect to a term and condition of employment. <u>Kaloi</u>, 2016 WL 3199477, at *3 (citations omitted). Carabbacan's Complaint alleged, under <u>Kaloi</u> and HRS § 378-2, that "[c]o-workers who were younger and not of the same ancestry" as Carabbacan "received more favorable treatment by not having hours reduced . . . ." See Complaint ¶ 11.c. Carabbacan's Complaint alleged that the "unequal term[] and condition[] of employment" was "having his hours reduced

5

. . . ." See Complaint ¶ 11.b. Thus, the language of HRS § 378-2 and Carabbacan's own Complaint do not support Carabbacan's argument on appeal that he need only show that an employee outside his protected class "was treated more favorably[,]" untethered from any term and condition of employment such as the claimed reduction in hours. See Kaloi, 2016 WL 3199477, at *3.

On this record, the Circuit Court did not err in granting summary judgment as to Carabbacan's discriminatory reduction in hours claim for failure to establish a prima facie case. See Adams, 135 Hawai‘i at 12, 346 P.3d at 81.

**2. Whether Carabbacan presented evidence for Element 4 of his discriminatory termination claim that Carabbacan's position still existed when he was terminated.**

The Circuit Court concluded that Carabbacan "failed to provide admissible evidence that the position [Carabbacan] held continued to exist after his termination."

The record reflects that Carabbacan was terminated on January 16, 2015. In his declaration in opposition to the MSJ, Carabbacan stated:

> 10. On Saturday, January 3, 2015, I received a call that business was slow and I should not come to work, even though I was scheduled to work.
>
> 11. I went in to work anyway, and [the manager] was mad that I came to work. I saw that a new young Mexican boy was working my position at a big wedding party.

(Emphases added.)

To establish a prima facie case, Carabbacan must show by a preponderance of evidence that his position still existed when he was discharged. See Adams, 135 Hawai‘i at 13, 346 P.3d at 82. In his Opening Brief, Carabbacan does not point to any evidence in the record to support his argument that Carabbacan's position still existed as of the January 16, 2015 termination

6

date.  See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) (requiring argument to contain citations to parts of the record relied on).  Carabbacan's statement that he saw a "new" person working in "[his] position" on January 3, 2015, is conclusory and does not show that Carabbacan's "position still exist[ed]" when Carabbacan was discharged thirteen days later on January 16, 2015.  See Adams, 135 Hawai'i at 13, 346 P.3d at 82. Carabbacan does not include the date of hire of the unnamed "new young Mexican" co-worker anywhere in his Opening Brief, nor does he point to evidence of such date of hire in the record. Instead, Carabbacan relies on improper inferences rather than evidence,[4] which are insufficient to meet the preponderance of the evidence standard for a prima facie case of discrimination. See Adams, 135 Hawai'i at 13, 346 P.3d at 82.

On this record, the Circuit Court did not err in granting summary judgment as to Carabbacan's discriminatory

---

[4]    Carabbacan points to an "inference" rather than evidence, to support his argument that Carabbacan's position still existed as of the termination date, as follows:

> On January 3, 2015, [Carabbacan] was told that there was no work for him, but when he came in anyway, he found a young, recently hired Mexican working his shift.  There was no evidence that [Carabbacan] was terminated a [sic] part of a reduction in force.  The alleged reason for the termination given by OUTRIGGER was "insubordination."  Indeed, rather than a reduction in force, the hiring of the young Mexican is evidence that the force of bussers was either being increased, or the Mexican was hired in advance specifically as a replacement for [Carabbacan].  The position of busser is not a unique position for a canoe club operating a restaurant/wedding party facility.  There are many people holding that position.  The position of busser is an essential position at a canoe club operating a restaurant wedding party facility.  <u>The simple fact that OUTRIGGER had recently hired a new busser is ample evidence to support an</u> **<u>inference</u>** <u>that the position still existed as of the date of termination</u>.

Opening Brief at 14-15 (emphasis and bolding added).

termination claim for failure to establish a prima facie case.
See id. at 12, 346 P.3d at 81.

For these reasons, the May 18, 2018 "Order Granting Defendant Outrigger Canoe Club's Motion for Summary Judgment Filed On February 23, 2018" and June 6, 2018 Final Judgment entered by the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, May 21, 2024.

On the briefs:

Charles H. Brower,
for Plaintiff-Appellant.

John S. Mackey,
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge